Filed 4/29/13  P. v. Schaap CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>DOUGLAS SCHAAP,<br><br>    Defendant and Appellant. | F064001<br><br>(Super. Ct. No. VCF249458)<br><br>**OPINION** |

-ooOoo-

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Tulare County.  Brett R. Alldredge, Judge.

Patricia J. Ulibarri, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Julie A. Hokans and J. Robert Jibson, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Wiseman, Acting P.J., Franson, J. and Peña, J.

Appellant, Douglas Schaap, pled guilty to lewd and lascivious conduct with a child under the age of 14 (Pen. Code, § 288, subd. (a))[1] and he admitted an aggravated circumstance (§ 667.61, subds. (a) & (d)), a serious felony enhancement (§ 667, subd. (a)(1)), and allegations that he had 11 prior convictions within the meaning of the three strikes law (§ 667, subds. (b)-(i)).

On September 28, 2011, the court sentenced Schaap to an indeterminate term of 80 years to life.

On appeal Schaap contends the court imposed an unauthorized sentence when it ordered him to pay a restitution fine of $1,000 pursuant to section 284, subdivision (b). We will find merit to this contention and strike the restitution fine. Additionally, we will direct the trial court to correct errors in Schaap's abstract of judgment that our review of the record uncovered. As modified, we will affirm the judgment.

## **FACTS**

In January 2011, the Tulare County Sheriff's Department received information from Kentucky Child Welfare Services that Schaap's adoptive son reported that he had been molested by Schaap when the family lived in Tulare County. During an interview on January 25, 2011, the victim stated that on numerous occasions when he was approximately 13 years old, Schaap fondled the victim's genitals over and under his clothing.

On March 29, 2011, the district attorney filed an amended complaint charging Schaap with eight counts of lewd and lascivious conduct with a child under the age of 14 (counts 1-5, 7-9) and one count of lewd and lascivious conduct with a child under the age of 14 by force (count 6/§ 288, subd. (b)(1)). The complaint also alleged, in pertinent part, an aggravated circumstance, that Schaap was a habitual offender (§ 667.71), a serious

---

[1] All further statutory references are to the Penal Code.

felony enhancement, and that he had 11 prior convictions within the meaning of the three strikes law.

On September 1, 2011, Schaap entered his plea in this matter in exchange for a stipulated term of 80 years and the dismissal of the remaining counts and allegations.

On September 28, 2011, the court sentenced Schaap to an aggregate term of 80 years to life as per his plea agreement:  25 years to life pursuant to section 667.61, subdivisions (a) and (d), tripled to 75 years to life pursuant to the three strike law, and a five-year serious felony enhancement.  The court also ordered Schaap to pay a $10,000 restitution fine pursuant to section 1202.4, a parole revocation fine in the same amount pursuant to section 1202.45 and a $1,000 restitution fine pursuant to section 294, subdivision (b).

## DISCUSSION

### *The Restitution Fine Pursuant to Section 294*

Schaap contends the court imposed an unauthorized sentenced when it ordered him to pay a restitution fine pursuant to section 294, subdivision (b) because the offense he committed is not listed in that section.  Respondent concedes and we agree.

Section 294 provides:

> "(a) Upon conviction of any person for a violation of Section 273a, 273d, 288.5, 311.2, 311.3, or 647.6, the court may, in addition to any other penalty or restitution fine imposed, order the defendant to pay a restitution fine based on the defendant's ability to pay not to exceed five thousand dollars ($5,000), upon a felony conviction, or one thousand dollars ($1,000), upon a misdemeanor conviction, to be deposited in the Restitution Fund to be transferred to the county children's trust fund for the purposes of child abuse prevention.

> "(b) Upon conviction of any person for a violation of Section 261, 264.1, 285, 286, 288a, or 289 where the violation is with a minor under the age of 14 years, the court may, in addition to any other penalty or restitution fine imposed, order the defendant to pay a restitution fine based on the defendant's ability to pay not to exceed five thousand dollars ($5,000), upon a felony conviction, or one thousand dollars ($1,000), upon a misdemeanor conviction, to be deposited in the Restitution Fund to be

3

transferred to the county children's trust fund for the purpose of child abuse prevention."

Schaap pled guilty to one count of violating section 288, subdivision (a). Since this section is not listed in either subdivision (a) or (b) of section 294, we agree with Schaap that the $1,000 restitution fine the court ordered him to pay pursuant to section 294, subdivision (b) constitutes an unauthorized sentence.

### Schaap's Abstract of Judgment

Our review of the record disclosed that Schaap's abstract of judgment erroneously lists Schaap's date of conviction as September 28, 2011, the day he was sentenced, rather than September 1, 2011, the day he entered his plea. Additionally, the Penal Code section for Schaap's serious felony enhancement is erroneously listed as section 667.5, subdivision (a), rather than section 667, subdivision (a). We will direct the trial court to correct these errors.

## DISPOSITION

The $1,000 restitution fine that the trial court imposed pursuant to section 294, subdivision (b) is stricken. The trial court is directed to prepare an amended abstract of judgment that is consistent with this opinion and corrects the errors noted above and to forward a certified copy to the Department of Corrections and Rehabilitation. As modified, the judgment is affirmed.

4